1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

10

11

12

13

14

15

16

| | |
|---|---|
| ANN MICHELLE BLACKWOLFE and JONATHAN BLACKWOLFE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>*v.*<br><br>PREMERA BLUE CROSS, a Washington company,<br><br>Defendant. | No. C15-429<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY DEMAND** |

17

18    Ann Michelle Blackwolfe and Jonathan Blackwolfe, on behalf of themselves and all

19    others similarly situated, by their attorneys, make the following allegations and claims for their

20    complaint against Premera Blue Cross ("Premera").  The following allegations are made upon

21    information and belief, except as to allegations specifically pertaining to Plaintiffs, which are

22    made upon knowledge.

23                                    **NATURE OF THE ACTION**

24    1.    This is a class action brought on behalf of Plaintiffs, individually and on behalf of

25    all those similarly situated, against Premera Blue Cross to recover for Premera's failure to secure

26    Plaintiffs' and class members' medical records containing sensitive and confidential medical in-

27

COMPLAINT
No. C15-429

- 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1   formation, as well as personally identifiable information ("PII") such as names, dates of birth,

2   billing information, and social security numbers.

3                                            **PARTIES**

4          1.      Plaintiffs Ann Michelle Blackwolfe and Jonathan Blackwolfe are individuals re-

5   siding in Shrewsbury, Massachusetts.

6          2.      Defendant Premera Blue Cross is a Washington corporation with its headquarters

7   located at 7001 220th Street SW, Building 1, Mountlake Terrace, Washington 98043.

8                               **JURISDICTION AND VENUE**

9          3.      This Court has subject matter jurisdiction over this action under the Class Action

10  Fairness Act, 28 U.S.C. § 1332(d)(2).  Plaintiffs' claims and the claims of the other members of

11  the class exceed $5,000,000, and at least one class member is a citizen of a state other than

12  Washington.

13         4.      This Court has personal jurisdiction over Premera because Premera is headquar-

14  tered in Washington and conducts business in Washington.

15         5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because Premera's

16  principal place of business is in this District and a substantial part of the events, acts, and omis-

17  sions giving rise to Plaintiffs' claims occurred in this District.

18                          **COMMON FACTUAL ALLEGATIONS**

19         6.      Premera is one of the largest health care insurance companies in the Pacific

20  Northwest and primarily serves customers in Washington, Oregon, and Alaska.

21         7.      On March 17, 2015, Premera announced that it discovered a cyberattack on its in-

22  formation technology systems that compromised the confidential health information and PII of

23  approximately 11 million insureds.  Premera discovered the attack on January 29, 2015 and its

24  investigation revealed that the initial attack occurred on May 5, 2014.

25         8.      The cyberattack affected customers of Premera Blue Cross, Premera Blue Cross

26  Blue Shield of Alaska, and its affiliate brands Vivacity and Connexion Insurance Solutions, Inc.

27

COMPLAINT
No. C15-429

- 2 -

1       9.      The breach involves the theft of information stored on various computers and data

2   storage devices.  Upon information and belief, Premera did not encrypt the PII in its possession,

3   including Social Security numbers and birth dates.

4       10.     According to Dave Kennedy, an expert in healthcare security who is chief execu-

5   tive of TrustedSEC, LLC, the Premera data breach is the largest breach reported to date involv-

6   ing patient medical information.

7       11.     The information stolen from Premera, including Plaintiff's and Class members'

8   PII, is extremely valuable to thieves.  As the FTC recognizes, once identity thieves have personal

9   information, "they can drain your bank account, run up your credit cards, open new utility ac-

10  counts, or get medical treatment on your health insurance."

11      12.     PII such as that stolen in the Premera data breach is highly coveted by and a fre-

12  quent target of hackers.  Legitimate organizations and the criminal underground alike recognize

13  the value of such data.  Otherwise, they would not pay for or maintain it, or aggressively seek it.

14  Criminals seek personal and financial information of consumers because they can use biograph-

15  ical data to perpetuate more and larger thefts.

16      13.     The ramifications of Premera's failure to keep Plaintiffs' and class members' per-

17  sonal and financial information secure are severe.  Identity thieves can use PII such as that per-

18  taining to Plaintiffs and the class members, which Premera failed to keep secure, to perpetuate a

19  variety of crimes that harm the victims.  For instance, identity thieves may commit various types

20  of crimes such as immigration fraud, obtaining a driver's license or identification card in the vic-

21  tim's name but with another's picture, using the victim's information to obtain government bene-

22  fits, or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

23  The United States government and privacy experts acknowledge that it may take years for identi-

24  ty theft to come to light and be detected.

25      14.     In addition, identity thieves may get medical services using Plaintiffs' confiden-

26  tial health information and PII, or commit any number of frauds, such as obtaining a job or pro-

27  curing housing.

COMPLAINT
No. C15-429

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1    15.    The data breach at issue in this case occurred despite the fact that Premera was on

2    notice of its security problems.  According to *The Seattle Times*, federal auditors warned Premera

3    that its network-security procedures were inadequate three weeks before hackers breached the

4    information-technology systems of Premera.  Government officials gave Premera ten recom-

5    mendations to fix the problems and warned that the vulnerabilities in its systems could be

6    breached by hackers and expose customer information.  Premera received these recommenda-

7    tions on April 18, 2014.

8    16.    Plaintiff and the class members had a reasonable expectation that their confiden-

9    tial health information and PII would remain private and confidential.  As a result of Premera's

10   deficient practices, Plaintiffs and the class members have been damaged, and have lost or are

11   subject to losing money and property as a result of Premera's substandard security practices.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

13   17.    Plaintiffs Ann Michelle Blackwolfe and Jonathan Blackwolfe have health insur-

14   ance with Premera through Plaintiff Ann Michelle Blackwolfe's employment with Starbucks

15   Coffee.  Plaintiffs have had health insurance through Premera since approximately 2007.  Plain-

16   tiffs did not receive notice of the breach and learned of it through the media.

17   18.    Premera required Plaintiffs to provide confidential health information and PII to

18   Premera.

19   19.    Plaintiffs' confidential health information and PII was compromised in and as a

20   result of the Premera data breach.  Plaintiffs were harmed by having their financial and personal

21   information compromised and faces the imminent and certainly impending threat of future addi-

22   tional harm from the increased threat of identity theft and fraud due to their financial and person-

23   al information being sold on the Internet black market and/or misused by criminals.

**CLASS ACTION ALLEGATIONS**

25   20.    Plaintiffs bring this action on behalf of themselves and all others similarly situated

26   pursuant to Fed. R. Civ. P. 23.  Plaintiffs seek to represent a class (the "Class") described as fol-

27   lows:

COMPLAINT
No. C15-429

- 4 -

All individuals and entities in the United States whose personal and confidential health information and/or personal identification information was compromised as a result of the Premera data breach announced on March 17, 2015.

21.     The members of the Class are so numerous that the joinder of all members is impractical.  While the exact numbers of Class members is unknown to Plaintiffs at this time, it is believed to be in the millions.

22.     There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate.  Plaintiffs' claims are also typical of members of the Class and Plaintiffs can fairly and adequately represent the interests of the Class.

23.     This action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because it involves questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including but not limited to:

(a)     Whether Premera unlawfully used, maintained or disclosed Class members' confidential health information and PII;

(b)     Whether Premera unreasonably delayed notifying affected customers of the data breach;

(c)     Whether Premera failed to implement and maintain reasonable security procedures and practices appropriate to the sensitive nature of the information compromised in the data breach, including but not limited to Premera's failure to encrypt the sensitive and confidential information;

(d)     Whether Premera's conduct was negligent and/or grossly negligent;

(e)     Whether Premera's conduct was reckless;

(f)     Whether Premera acted willfully and/or with oppression, fraud or malice;

(g)     Whether Premera's conduct constitutes breach of contract;

(h)     Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages and/or equitable and injunctive relief.

COMPLAINT
No. C15-429

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1    24.    Plaintiffs' claims are typical of those of other Class members because Plaintiffs'

2  confidential health information and PII, like that of every Class member, was disclosed by

3  Premera.

4    25.    Plaintiffs will fairly and adequately represent and protect the interests of the

5  Class.

6    26.    Plaintiffs' counsel is competent and experienced in class action litigation.

7    27.    A class action is superior to other available means for the fair and efficient adju-

8  dication of this controversy.  Individual joinder of all Class members is not practicable, and

9  questions of law and fact common to the proposed Class predominate over any questions affect-

10  ing only individual members of the proposed Class.

11    28.    The prosecution of separate actions by individual members of the Class would

12  create a risk of inconsistent or varying adjudications with respect to individual members of the

13  Class, which would establish incompatible standards of conduct for Premera and would lead to

14  repetitive adjudication of common questions of law and fact.

15    29.    Damages for any individual Class member are likely insufficient to justify the

16  cost of individual litigation, so that in the absence of class certification, Premera's violations of

17  the law would go unremedied and Premera will retain the benefits of its wrongdoing.

18    30.    Class certification, therefore, is appropriate under Fed. R. Civ. P. 23(a) and (b)(3).

19  The above common questions of law or fact predominate over any questions affecting individual

20  members of the Class, and a class action is superior to other available methods for the fair and

21  efficient adjudication of the controversy.

22    31.    Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), be-

23  cause Premera has acted or has refused to act on grounds generally applicable to the Class, so

24  that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a

25  whole.

26

27

COMPLAINT
No. C15-429

- 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1

**COUNT I**

2

**Negligence**

3          32.     Plaintiffs reallege and incorporate by reference every allegation set forth in the

4     preceding paragraphs as though alleged in this Count.

5          33.     Premera came into possession, custody, and/or control of confidential health in-

6     formation and/or PII of Plaintiffs and Class members.

7          34.     Premera owed a duty to Plaintiffs and Class members to exercise reasonable care

8     in safeguarding and securing the confidential health information and/or PII of Plaintiff and Class

9     members in its possession, custody, and/or control.

10         35.     Premera had a duty to exercise reasonable care in implementing and maintaining

11    reasonable procedures and practices appropriate for maintaining the safety and security of Plain-

12    tiffs and Class members' confidential health information and/or PII in its possession, custody,

13    and/or control.

14         36.     Premera had a duty to exercise reasonable care in timely notifying Plaintiffs and

15    Class members of an unauthorized disclosure of Plaintiffs and Class members' confidential

16    health information and/or PII in its possession, custody, and/or control.

17         37.     Premera, through its actions and/or omissions, unlawfully breached its duty to

18    Plaintiffs and Class members by failing to exercise reasonable care in safeguarding and securing

19    the confidential health information and/or PII of Plaintiffs and Class members in its possession,

20    custody, and/or control.

21         38.     Premera, through its actions and/or omissions, unlawfully breached its duty to

22    Plaintiffs and Class members by failing to exercise reasonable care in implementing and main-

23    taining reasonable procedures and practices appropriate for maintaining the safety and security of

24    Plaintiffs and Class members' confidential heath information and/or PII in its possession, custo-

25    dy, and/or control.

26         39.     Premera, through its actions and/or omissions, unlawfully breached its duty to

27    Plaintiffs and Class members by failing to exercise reasonable care in timely notifying Plaintiffs

COMPLAINT
No. C15-429

- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1  and Class members of an unauthorized disclosure of Plaintiffs' and Class members' confidential

2  heath information and/or PII in its possession, custody, and/or control.

3      40.    Premera's negligent and wrongful breach of duties it owed to Plaintiffs and Class

4  members proximately caused an unauthorized disclosure of Plaintiffs and Class members' confi-

5  dential health information and/or PII in its possession, custody, and/or control.

6      41.    As a direct and proximate result of Premera's negligent conduct, Plaintiffs and the

7  Class have suffered injury and are entitled to damages in an amount to be proven at trial.

8                                    **COUNT II**

9                                **Breach of Contract**

10     42.    Plaintiffs reallege and incorporate by reference every allegation set forth in the

11  preceding paragraphs as though alleged in this Count.

12     43.    Plaintiffs and the Class members relied upon Premera's representations regarding

13  privacy and security before purchasing health services and products.

14     44.    By entering into agreements with Plaintiffs and Class members, Premera imposed

15  upon itself an obligation to use reasonable and industry-standard security practices and proce-

16  dures to protect Plaintiffs' and Class members' data and personal information.

17     45.    Plaintiffs and the Class members performed their obligations.

18     46.    Plaintiffs and the Class members paid for, but never received, the security protec-

19  tions to which they were entitled.

20     47.    As a direct and proximate result of Premera's negligent conduct, Plaintiffs and the

21  Class have suffered injury and are entitled to damages in an amount to be proven at trial.

22                                   **COUNT III**

23                                    **Bailment**

24     48.    Plaintiffs reallege and incorporate by reference every allegation set forth in the

25  preceding paragraphs as though alleged in this Count.

26     49.    Plaintiffs and Class members delivered and entrusted their confidential health in-

27  formation and PII to Premera for the sole purpose of receiving services from Premera.

COMPLAINT
No. C15-429

- 8 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

50. In delivering their confidential health information and/or PII to Premera, Plaintiffs and Class members intended and understood that Premera would adequately safeguard their personal and financial information.

51. Premera accepted possession of Plaintiffs' and Class members' confidential health information and PII. By accepting possession, Premera understood that Plaintiffs and Class members expected Premera to adequately safeguard their personal and financial information. Accordingly, a bailment was established for the mutual benefit of the parties.

52. During the bailment, Premera owed a duty to Plaintiffs and Class members to exercise reasonable care, diligence and prudence in protecting their confidential health information and/or PII.

53. Premera breached its duty of care by failing to take appropriate measures to safeguard and protect Plaintiffs' and Class members' confidential health information and/or PII, resulting in the unlawful and unauthorized access to and misuse of such information.

54. Premera further breached its duty to safeguard Plaintiffs' and Class members' confidential health information and/or PII by failing to timely and accurately notify them that their information had been compromised.

55. As a direct and proximate result of Premera's breach of its duty, Plaintiffs and Class members suffered consequential damages that were reasonably foreseeable to Premera, including but not limited to the damages set forth above.

## COUNT IV

### Unjust Enrichment

56. Plaintiffs reallege and incorporate by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

57. Plaintiffs and Class members conferred a monetary benefit on Premera in the form of monies paid for the purchase of health services from Premera during the period of the data breach.

COMPLAINT
No. C15-429

- 9 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1  58.  Premera appreciates or has knowledge of the benefits conferred directly upon it

2  by Plaintiffs and members of the Class.

3  59.  The monies paid for the purchase of health services by Plaintiffs and members of

4  the Class to Premera during the period of the data breach were supposed to be used by Premera,

5  in part, to pay for the administrative and other costs of providing reasonable data security and

6  protection to Plaintiffs and members of the Class.

7  60.  Premera failed to provide reasonable security, safeguards and protection to the

8  confidential health information and/or PII of Plaintiffs and Class members and as a result, Plain-

9  tiffs and Class members overpaid Premera for the services purchased.

10  61.  Under principles of equity and good conscience, Premera should not be permitted

11  to retain the money belonging to Plaintiffs and members of the Class, because Premera failed to

12  provide adequate safeguards and security measures to protect Plaintiffs' and Class members'

13  confidential heath information and PII that they paid for but did not receive.

14  62.  Plaintiffs and the Class have conferred directly upon Premera an economic benefit

15  in the nature of monies received and profits resulting from sales and unlawful overcharges to the

16  economic detriment of Plaintiffs and the Class members.

17  63.  The economic benefit, including the monies paid and the overcharges and profits

18  derived by Premera and paid by Plaintiffs and members of the Class, is a direct and proximate

19  result of Premera's unlawful practices as set forth in this Complaint.

20  64.  The financial benefits derived by Premera rightfully belong to Plaintiffs and

21  members of the Class.

22  65.  A constructive trust should be imposed upon all unlawful or inequitable sums re-

23  ceived by Premera traceable to Plaintiffs and the Class.

24  66.  Plaintiff sand the Class have no adequate remedy at law.

25

26

27

COMPLAINT
No. C15-429

- 10 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

## COUNT V

### Violation of RCW § 19.255.010 et seq.

67.    Plaintiffs reallege and incorporate by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

68.    The data breach constituted a "breach of the security of the system" within the meaning of RCW §§ 19.255.010(1)(4).

69.    Premera negligently and recklessly failed to provide reasonable and adequate security measures.  Premera also unreasonably delayed informing the Plaintiffs and Class members about the security breach of Plaintiffs' and Class members' confidential health information and PII after Premera knew the data breach had occurred.

70.    As a result of Premera's conduct, Plaintiffs and the Class members will incur economic damages related to the expenses for the losses associated with paying for health services they believed were purchased through secure transactions.  Plaintiffs and the Class members would not have purchased the health services had they known that their PII would be compromised.

71.    As a direct and proximate result of Premera's breach of its duty, Plaintiffs and Class members suffered consequential damages that were reasonably foreseeable to Premera and which they are entitled to recover.

### REQUEST FOR RELIEF

On behalf of themselves and the Class set forth, Plaintiffs request that the Court enter judgment against Defendant and enter one or more orders:

A.    Certifying this case as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and, pursuant to Fed. R. Civ. P. 23(g), appoint the named Plaintiffs to be Class representatives and their undersigned counsel to be Class counsel;

B.    Requiring Premera to make whole any losses suffered by Plaintiffs and Class members;

COMPLAINT
No. C15-429

- 11 -

1    C.    Enjoining Premera from further engaging in the unlawful conduct complained of

2  herein;

3    D.    Awarding Plaintiffs and the Class appropriate relief, including actual and statuto-

4  ry damages, restitution and disgorgement;

5    E.    Awarding pre-judgment and post-judgment interest;

6    F.    Requiring Premera to pay for notifying the Class of the pendency of this action;

7    G.    Requiring Premera to pay Plaintiffs and Class members reasonable attorneys'

8  fees, expenses, prejudgment interest and the costs of this action; and

9    I.    Providing all other and further relief as this Court deems necessary, just, and

10    proper.

11                    **DEMAND FOR TRIAL BY JURY**

12    Plaintiffs demand a trial by jury on all issues so triable.

13

14  Dated:  March 19, 2015                Respectfully submitted,

15                                        s/  *Cliff Cantor*
                                          By: Cliff Cantor, WSBA # 17893
16                                        **LAW OFFICES OF CLIFFORD A. CANTOR, P.C.**
                                          627 208th Ave. SE
17                                        Sammamish, WA 98074
                                          Tel:    425.868.7813
18                                        Fax:    425.732.3752
                                          Email: cliff.cantor@outlook.com
19

20                                        William B. Federman*
                                          **FEDERMAN & SHERWOOD**
21                                        10205 N. Pennsylvania Ave.
                                          Oklahoma City, OK 73120
22                                        Tel:    (405) 235-1560
                                          Fax:    (405) 239-2112
23                                        Email: wbf@federmanlaw.com

24

25                                        * Admission *pro hac vice* to be sought

26                                        Attorneys for Plaintiffs

27

COMPLAINT
No. C15-429
- 12 -